**E-Filed 9/10/2009**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| RICHARD ESCAMILLA, et al., | Case Number C 08-4391 JF |
| Appellants | |
| v. | ORDER DISMISSING APPEAL FOR FAILURE TO PROSECUTE |
| JOHN VAN CUREN, Trustee of the Estate of VEC Farms, LLC, | |
| Respondent | |

Appellants filed a notice of appeal in this bankruptcy action on September 18, 2008. Nearly one year after filing their notice of appeal, Appellants still have not filed a statement of issues on appeal or an opening brief. Appellants also failed to pay the filing fee. Accordingly, the Court must consider whether to dismiss the appeal with prejudice for failure to prosecute.

The record in this case justifies dismissal for failure to prosecute.[1] A district court has authority to dismiss an action because of failure to prosecute. Fed.R.Civ.P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts). In determining whether to

---

[1] In the alternative, dismissal also is appropriate for failure to pay the filing fee.

dismiss a case for failure to prosecute, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondent; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute).

The first two factors — the public's interest in expeditious resolution of litigation and the court's need to manage its docket — weigh in favor of dismissal. Appellants' inaction hinders the court's ability to manage its docket and indicates that Appellants do not intend to litigate their appeal with reasonable diligence.

The third factor — prejudice to the respondent — also weighs in favor of dismissal. Although no showing of actual prejudice is made, prejudice is presumed from unreasonable delay. *Cristanelli v. U.S. Lines*, 74 F.R.D. 590, 593 (C.D.Cal. 1977). Nothing suggests that such a presumption is unwarranted here.[2]

The fourth factor reflects the public policy that cases should be decided on their merits. Despite this policy, however, it is Appellants' responsibility "to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). Appellants have not discharged these responsibilities. In the present circumstances, the public policy favoring resolution of disputes on their merits does not outweigh Appellants' failure to prosecute their appeal.

The fifth factor — availability of less drastic sanctions — also supports dismissal. Nothing in the record supports that Appellants intend to pursue their appeal. Dismissal therefore is appropriate.

---

[2] Even absent a showing of actual prejudice to the respondent, the failure to prosecute diligently, alone, may justify dismissal. *Moore v. Telfon Communications Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978); *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

**ORDER**

For reasons discussed above, the subject appeal is DISMISSED WITH PREJUDICE for failure to prosecute.

**IT IS SO ORDERED.**

DATED: 9/9/2009

_____
JEREMY FOGEL
United States District Judge

3

Case No. C 08-4391 JF
ORDER DISMISSING APPEAL FOR FAILURE TO PROSECUTE
(JFEX2)

1 | This Order has been served upon the following persons:

3 | Kathy Quon Bryant        kquonbyrant@mlg-pc.com
4 | Merle Cooper Meyers      mmeyers@mlg-pc.com
5 | Gayle Zickgraff Green    gayle@bindermalter.com
6 | Laine Lucas              laine@bindermalter.com
7 | Steven Jude Sibley       sjs@dslaw.net
8 | Wendy Watrous Smith      wendy@bindermalter.com

4

Case No. C 08-4391 JF
ORDER DISMISSING APPEAL FOR FAILURE TO PROSECUTE
(JFEX2)